UNITED STATED DISTICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ALBERT PAPOYANS and | ) |
| MARIANNE MARIE PAPOYANS, | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| GROOM CONSTRUCTION CO., INC., | ) |
| DENNIS H. PRICE, | ) |
| PLYBOO AMERICA, INC., | ) |
| MANUEL DE SANTAREN, INC., | ) |
| MILLENNIUM PARTNERS | ) |
|   MASSACHUSETTS PROPERTY | ) |
|   MANAGEMENT, LLC, | ) |
| VALLEY FORGE INSURANCE | ) |
|   COMPANY, | ) |
| HINGHAM MUTUAL FIRE | ) |
|   INSURANCE COMPANY, | ) |
| FIREMEN'S INSURANCE COMPANY | ) |
|   OF WASHINGTON, D.C., | ) |
| Defendants | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# 02 ~ 12 3 2 8 RCL

## COMPLAINT

RECEIPT # 43527

AMOUNT $

SUMMONS ISSUED Y

LOCAL RULE 4.1

WAIVER FORM

MCF ISSUED

BY DPTY. CLK. DSS

DATE 12/3/02

## INTRODUCTION

1.   This action arises out of the improper installation of luxury bamboo hardwood

flooring at the Plaintiffs' Boston residences that has caused severe and unsafe

buckling of the floors.  The action also arises out of water damage to a portion

of the same floor from a water flood in one of the residences.  The condition of

the flooring is in no way attributable to the Plaintiffs, who now face enormous

expense to correct the defective floors.



## JURISDICTION

2.  The court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) for claims arising between citizens of different states, and of which amount in controversy exceeds $75,000.00.

3.  Under the doctrine of supplemental jurisdiction, this court has jurisdiction over the Plaintiffs' claim arising under Massachusetts state law.

## VENUE

4.  Venue is proper in District of Massachusetts, the judicial district in which the claim has arisen, pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

5.  Plaintiffs, Albert Papoyans and Marianne Marie Papoyans (hereinafter the "Papoyans"), are husband and wife.  They reside at 2 Avery Street, Unit 30C, Boston, Suffolk County, Massachusetts.

6.  Defendant, Groom Construction Co, Inc. (hereinafter "Groom Construction") is a Massachusetts corporation with a usual place of business located at 324 Essex Street, Swampscott, Essex County, Massachusetts 01907.

7.  Defendant, Dennis H. Price (hereinafter "Price") is an individual performing floor installation work from an office located at 32 Coleman Street, Peabody, Essex County, Massachusetts.

8.  Defendant, Plyboo America, Inc. (hereinafter "Plyboo") is a foreign corporation with a principal place of business located at 745 Chestnut Ridge Road, Kirkville, New York 13082.

9.  Defendant, Manuel De Santaren, Inc. (hereinafter "de Santaren"), is a Massachusetts corporation with a principal place of business located at 1 Design Center Place, Suite 61, Boston, Suffolk County, Massachusetts 02210.

10.  Defendant, Millennium Partners Massachusetts Property Management, LLC (hereinafter "Millennium Partners"), is a New York corporation with a principal place of business located at 1995 Broadway, New York, New York 10023.

11.  Defendant, Valley Forge Insurance Company (hereinafter "Valley Forge") is a foreign insurance company with a principal place of business located at 1250 Hancock Street, Quincy, Norfolk County, Massachusetts 02269.  Valley Forge insures Groom Construction.

12.  Defendant, Hingham Mutual Fire Insurance Company (hereinafter "Hingham Mutual") is a Massachusetts insurance company with a principal place of business located at 230 Beal Street, Hingham, Plymouth County, Massachusetts 02043.  Hingham Mutual insures Price.

13.  Defendant, Fireman's Insurance Company of Washington, D.C. (hereinafter "Fireman's Insurance") is a foreign insurance company with a usual place of business located at 3 University Plaza, Hackensack, New Jersey 07601. Fireman's Insurance insures Millennium Partners.

## FACTS

14. On or about November 20, 2001, the Papoyans purchased Unit 30A and 30C of 2 Avery Street, Boston, Massachusetts.

15. On or about December 4, 2001, the Papoyans retained Groom Construction to install bamboo hardwood flooring in both Units 30A and 30C of 2 Avery Street, Boston, Massachusetts.

16. Groom Construction, as general contractor, retained Price, as subcontractor, to perform the actual installation of the bamboo hardwood flooring in both Units 30A and 30C of 2 Avery Street, Boston, Massachusetts.

17. Starting on or about December 4, 2001, Price installed bamboo hardwood flooring at both Units 30A and 30C of 2 Avery Street, Boston, Massachusetts.

18. Price used adhesive manufactured by Bostik Findley to install the bamboo hardwood flooring at both Units 30A and 30C of 2 Avery Street, Boston, Massachusetts.

19. Price used bamboo hardwood flooring manufactured and supplied by Plyboo.

20. Shortly after the installation, the bamboo flooring in both Units 30A and 30C began to buckle. The buckling of the hardwood flooring has created a dangerous and unsightly condition.

21. On or about February 2001, the Papoyans retained de Santaren to provide interior design services for both Units 30A and 30C of 2 Avery Street, Boston, Massachusetts.

22. On or about December 16, 2001, while Albert Papoyans was taking a shower in Unit 30C of 2 Avery Street, Boston, Massachusetts, the water from the shower

spilled out of the shower flooding a portion of Unit 30C.

## COUNT I – BREACH OF CONTRACT
(Papoyans v. Groom Construction)

23.   The Papoyans realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 22 above, as if fully set forth in this COUNT

I.

24.   The Papoyans had a contract with Groom Construction for the installation of

Plyboo Bamboo hardwood flooring in Units 30A and 30C of 2 Avery Street,

Boston, Massachusetts.

25.   Groom Construction in breach of its contract with the Papoyans failed to ensure

the proper testing of the hardwood flooring prior to installation, ensure the

proper testing of the concrete floor prior to installation, ensure the installation of

a sub-floor, cure the installation of the defective flooring, and guard against the

dangerous condition created by the defective flooring.

26.   As a result of Groom Construction's breach of contract, the Papoyans suffered

financial damages associated with the proper reinstallation of the hardwood

flooring and consequential damages involved with reinstallation in an amount in

excess of $340,000.00.

## COUNT II - BREACH OF WARRANTY
(Papoyans v. Groom Construction)

27.   The Papoyans realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above, as if fully set forth in this COUNT II.

28.   Groom Construction failed to do a workmanlike job and use reasonable skill to avoid and/or prevent the buckling of the hardwood flooring.

29.   As a result of Groom Construction's breach of warranty, the Papoyans suffered financial damages associated with the proper reinstallation of the hardwood flooring and consequential damages involved with reinstallation in an amount in excess of $340,000.00.

## COUNT III - VIOLATION OF G.L. c.93A
(Papoyans v. Groom Construction)

30.   The Papoyans realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 above, as if fully set forth in this COUNT III.

31.   During all relevant times, Groom Construction was actively engaged in trade or commerce within the Commonwealth of Massachusetts.

32.   Groom Construction knowingly and intentionally failed to supervise the installation of the hardwood flooring, install a sub-floor as required, cure its installation of defective flooring, and guard against the dangerous condition created by the defective flooring.

33.   Groom Construction's aforesaid actions and/or inaction constitute unfair and
      deceptive acts or practices within the meaning of General Laws Chapter 93A.

34.   As a result of Groom Construction's unfair and deceptive acts and practices, the
      Papoyans suffered financial damages associated with the proper reinstallation of
      the hardwood flooring and consequential damages involved with reinstallation in
      an amount in excess of $340,000.00.

35.   Groom Construction's aforesaid actions were performed willfully and
      knowingly.

36.   The Papoyans have satisfied all conditions precedent to recover from Groom
      Construction under General Laws Chapter 93A.


### COUNT IV – BREACH OF CONTRACT
(Papoyans v. Dennis H. Price)

37.   The Papoyans realleges and incorporates by reference each and every allegation
      contained in paragraphs 1 through 36 above, as if fully set forth in this COUNT
      IV.

38.   Price in breach of his contract with Groom Construction failed to properly
      inspect the hardwood flooring prior to installation, inspect the concrete flooring
      prior to installation, install a sub-floor as was require, install the hardwood
      flooring in a manner ensuring against buckling, and guard against the dangerous
      condition created by the defective flooring.

39.   The Papoyans, as the homeowners, are the third-party beneficiaries of the
      contract between Price and Groom Construction.

40.   As a result of Price's breach of contract, the Papoyans suffered financial

damages associated with the proper reinstallation of the hardwood flooring and

consequential damages involved with reinstallation in an amount in excess of

$340,000.00.

## COUNT V – BREACH OF WARRANTY
### (Papoyans v. Dennis H. Price)

41.   The Papoyans realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 40 above, as if fully set forth in this COUNT

V.

42.   Price failed to failed to do a workmanlike job and use reasonable skill to avoid

and/or prevent the buckling of the hardwood flooring.

43.   As a result of Price's breach of warranty, the Papoyans suffered financial

damages associated with the proper reinstallation of the hardwood flooring and

consequential damages involved with reinstallation in an amount in excess of

$340,000.00.

## COUNT VI – VIOLATION OF G.L. c.93A
### (Papoyans v. Dennis H. Price)

44.   The Papoyans realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 43 above, as if fully set forth in this COUNT

VI.

45.   During all relevant times, Price was actively engaged in trade or commerce within the Commonwealth of Massachusetts.

46.   Price knowingly and intentionally failed to test the hardwood flooring prior to installation, test the concrete flooring prior to installation, install a sub-floor as required, cure its installation of defective flooring, and guard against the dangerous condition created by the defective flooring.

47.   Price's aforesaid actions and/or inaction constitute unfair and deceptive acts or practices within the meaning of General Laws Chapter 93A.

48.   As a result of Price's unfair and deceptive acts and practices, the Papoyans suffered financial damages associated with the proper reinstallation of the hardwood flooring and consequential damages involved with reinstallation in an amount in excess of $340,000.00.

49.   Price's aforesaid actions were performed willfully and knowingly.

50.   The Papoyans have satisfied all conditions precedent to recover from Price under General Laws Chapter 93A.


## COUNT VII – BREACH OF WARRANTY
### (Papoyans v. Plyboo)

51.   The Papoyans realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 50 above, as if fully set forth in this COUNT VII.

52.   The Papoyans purchased bamboo hardwood flooring from Plyboo.

53.    In breach of the implied warranty of merchantability, the hardwood flooring

supplied by Plyboo was unfit for installation.

54.    As a result of Plyboo's breach of warranty, the Papoyans suffered financial

damages associated with the proper reinstallation of the hardwood flooring and

consequential damages involved with reinstallation in an amount in excess of

$340,000.00.


### COUNT VIII – BREACH OF CONTRACT
(Papoyans v.  Manuel de Santaren)

55.    The Papoyans realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 54 above, as if fully set forth in this COUNT

VIII.

56.    The Papoyans met with de Santaren and, based upon his recommendation, they

ordered bamboo hardwood flooring from Hoboken Flooring.

57.    In breach of it contract with the Papoyans, de Santaren ordered the bamboo

hardwood flooring from Plyboo.

58.    In breach of it contract with the Papoyans, de Santaren failed to supervise the

installation of the hardwood flooring, ensure the installation of a sub-floor, show

his presence during the time from the ordering to the installation of the

hardwood flooring, ensure the expeditious reinstallation of the defective

flooring, and guard against the dangerous condition created by the defective

flooring.

59.   As a result of de Santaren's breach of contract, the Papoyans suffered financial damages associated with the proper reinstallation of the hardwood flooring and consequential damages involved with reinstallation in an amount in excess of $340,000.00.

## COUNT IX – VIOLATION OF G.L. c.93A
(Papoyans v. Manuel de Santaren)

60.   The Papoyans realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 59 above, as if fully set forth in this COUNT IX.

61.   During all relevant times, de Santaren was actively engaged in trade or commerce within the Commonwealth of Massachusetts.

62.   De Santaren knowingly and intentionally failed to supervise the installation of the hardwood flooring, ensure the installation of a sub-floor, show his presence during the time from the ordering to the installation of the hardwood flooring, ensure the expeditious reinstallation of the defective flooring, and guard against the dangerous condition created by the defective flooring.

63.   De Santaren's aforesaid actions and/or inaction constitute unfair and deceptive acts or practices within the meaning of General Laws Chapter 93A.

64.   As a result of de Santaren's unfair and deceptive acts and practices, the Papoyans suffered financial damages associated with the proper reinstallation of the hardwood flooring and consequential damages involved with reinstallation in an amount in excess of $340,000.00.

65.    De Santaren's aforesaid actions were performed willfully and knowingly.

66.    The Papoyans have satisfied all conditions precedent to recover from de

Santaren under General Laws Chapter 93A.


**COUNT X – BREACH OF CONTRACT**
(Papoyans v. Millennium Partners)

67.    The Papoyans realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 66 above, as if fully set forth in this COUNT

X.

68.    Millennium was contractually obligated to the Papoyans to ensure the proper

drainage of all shower drains in both Unit 30A and 30C.

69.    Millennium in breach of its contractual obligations failed to properly clear one

of the shower drains in Unit 30C to ensure proper water drainage and failed to

provide notice to the Papoyans that the drain was not usable.

70.    When Albert Papoyans used the shower for the first time, the drain failed allow

for proper water flow.  As a result, the water spilled out of the shower and into

a bedroom area and hallway of Unit 30C.

71.    As a result of the flooding, the hardwood flooring, in whole or in part, in Unit

30C buckled.

72.    Millennium's efforts to cure the damage caused by the water floor where

inadequate in resolving the buckling problem.

73.    Millennium action in sanding the hardwood flooring was without permission
       from the Papoyans.  The sanding of the floors did not cure the buckling
       problem.

74.    As a result of Millennium's breach of contract, the Papoyans suffered financial
       damages associated with the repair of damages caused by the water flooding and
       consequential damages involved with the repair of same damages in an amount
       in excess of $340,000.00.

## COUNT XI – VIOLATION OF G.L. c.93A
(Papoyans v. Millennium Partners)

75.    The Papoyans realleges and incorporates by reference each and every allegation
       contained in paragraphs 1 through 74 above, as if fully set forth in this COUNT
       XI.

76.    During all relevant times, Millennium was actively engaged in trade or
       commerce within the Commonwealth of Massachusetts.

77.    Millennium knowingly and intentionally failed to properly clear the shower
       drain in one of the showers in Unit 30C, adequately repair damage caused to
       Unit 30C as a result of the water flood, ensure the expeditious resolution of the
       buckling problem, and guard against the dangerous condition created by the
       buckled hardwood floor.

78.    Millennium's aforesaid actions and/or inaction constitute unfair and deceptive
       acts or practices within the meaning of General Laws Chapter 93A.

79.     As a result of Millennium's breach of contract, the Papoyans suffered financial

        damages associated with the repair of damages caused by the water flooding and

        consequential damages involved with the repair of same damages in an amount

        in excess of $340,000.00.

80.     Millennium's aforesaid actions were performed willfully and knowingly.

81.     The Papoyans have satisfied all conditions precedent to recover from

        Millennium under General Laws Chapter 93A.


## COUNT XII – VIOLATION OF G.L. c.93A and 176D
(Papoyans v. Valley Forge Insurance Company)

82.     The Papoyans realleges and incorporates by reference each and every allegation

        contained in paragraphs 1 through 81 above, as if fully set forth in this COUNT

        XII.

83.     It is clear that Groom Construction Company, as the general contractor, is liable

        in whole or in part for the buckling problem that exists on the floors of both

        Units 30A and 30C.

84.     Despite repeated demands for settlement of the Papoyans claim, including a

        good faith attempt to come to a settlement at a meeting on November 26, 2002,

        CNA Insurance has failed to make any offer of settlement.

85.     CNA Insurance's conduct in refusing to make a reasonable offer of settlement

        constitutes an unfair and deceptive act or practice as defined by General Law

        Chapter 93A, §2(a) and the regulations promulgated thereunder.

86.    The failure to effectuate prompt, fair and equitable settlement of the Papoyans'

claim where liability has become reasonably clear constitutes a violation of

General Laws Chapter 176D, §3(f).

**COUNT XIII – VIOLATION OF G.L. c.93A and 176D**
(Papoyans v. Hingham Mutual Fire Insurance Company)

87.    The Papoyans realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 86 above, as if fully set forth in this COUNT

XIII.

88.    It is clear that Price, as the installer of the defective hardwood flooring, is liable

in whole or in part for the buckling problem that exists on the floors of both

Units 30A and 30C, including loss of use caused by the defective flooring.

89.    Despite repeated demands for settlement of the Papoyans claim, including a

good faith attempt to come to a settlement at a meeting on November 26, 2002,

Hingham Mutual Fire Insurance Company has failed to make any offer of

settlement.

90.    Hingham Mutual Fire Insurance Company's conduct in refusing to make a

reasonable offer of settlement constitutes an unfair and deceptive act or practice

as defined by General Law Chapter 93A, §2(a) and the regulations promulgated

thereunder.

91.    The failure to effectuate prompt, fair and equitable settlement of the Papoyans'

claim where liability has become reasonably clear constitutes a violation of

General Laws Chapter 176D, §3(f).

15

## COUNT XIV – VIOLATION OF G.L. c.93A and 176D
### (Papoyans v. Fireman's Insurance Company of Washington, D.C.)

92.   The Papoyans realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 91 above, as if fully set forth in this COUNT XIV.

93.   It is clear that Millennium, which was responsible for the clogged drain that caused flooding in Unit 30C, is liable in whole or in part for the buckling problem that exists on the floor of Unit 30C.

94.   Despite repeated demands for settlement of the Papoyans claim, including a good faith attempt to come to a settlement at a meeting on November 26, 2002, Hingham Mutual Fire Insurance Company has failed to make any offer of settlement.

95.   The failure to effectuate prompt, fair and equitable settlement of the Papoyans' claim where liability has become reasonably clear constitutes a violation of General Laws Chapter 176D, §3(f).

## PRAYER FOR RELIEF

**WHEREFORE**, the Papoyans pray that this court:

1.   Grant them judgment on each and every count of this Complaint;

2.   Award them their damages;

2.   Award them multiple damages pursuant to all Counts of this Complaint wherein multiple damages are permissible;

16

3.    Award them their costs and expenses of this proceeding, including reasonable

       attorney's fees and costs as provided by law, pursuant to all Counts of the

       Complaint wherein costs and expenses are permissible; and

4.    Grant them such other and further relief as the Court deems just and fair.


                                        PLAINITFFS,
                                        Albert and Marianne Marie Papoyans
                                        By their attorney,



                                        Ara J. Balikian (BBO#630576)
                                        Balikian & Associates
                                        2345 Washington Street, Suite 203
                                        Newton Lower Falls, MA 02462
                                        (617) 965-5102


Dated: December 3, 2002

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

02 cv 12328 RCL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Albert Papoyans and
Marianne Marie Papoyans

**DEFENDANTS**

Groom Construction Co., Inc.,
et al.

**(b)** County of Residence of First Listed Plaintiff   __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   __Essex__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ara J. Balikian
2345 Washington Street, Suite 203
Newton Lower Falls, MA 02462
(617) 965-5102

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☒ 4  Diversity
  (Indicate Citizenship of Parties
  in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | or Defendant) | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original
  Proceeding
- ☐ 2  Removed from
  State Court
- ☐ 3  Remanded from
  Appellate Court
- ☐ 4  Reinstated or
  Reopened
- ☐ 5  Transferred from
  another district
  (specify)
- ☐ 6  Multidistrict
  Litigation
- ☐ 7  Appeal to
  District
  Judge from
  Magistrate
  Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 USC s.1332(a)(1)

## VII. REQUESTED IN    ☐ CHECK IF THIS IS A CLASS ACTION
COMPLAINT:          UNDER F.R.C.P. 23

DEMAND $
$340,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)    (See instructions):
IF ANY

JUDGE

DOCKET NUMBER

DATE    12-3-02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

02 12328 RCL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   Albert Papoyans and Mariane Marie Papoyans v. Groom
    Construction Co., Inc., et al.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET.   (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___   II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    _X_   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    ___   IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

    ___   V.      150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
    HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                YES ☐        NO **X**

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                                YES ☐        NO **X**
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                YES ☐        NO ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC §2284?
                                                                YES ☐        NO **X**

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
    COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
    SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                YES **X**     NO ☐

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

          EASTERN DIVISION **X**        CENTRAL DIVISION ☐        WESTERN DIVISION ☐

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
          GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

          EASTERN DIVISION ☐        CENTRAL DIVISION ☐        WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Ara J. Balikian _____
ADDRESS _____ 2345 Washington Street, Suite 203, Newton Lower Falls, MA  02462 ___
TELEPHONE NO. _____ 617-965-5102 _____

(CATEGO~1.WPD - 11/27/00)